

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 16, 2026**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-44120-ELM |
| JASON RUDOLPH STANFORD, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| JASON STANFORD d/b/a Rollin Smoke at the Attache, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 25-04094 |
| | § | |
| STEPHEN SATHER, | § | |
| | § | |
| Defendant. | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 157(c)(1), the above-signed bankruptcy judge of the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") respectfully submits to The Honorable United States District Court for the Northern District of Texas, Fort Worth Division (the "**District Court**"), the following proposed findings of fact and conclusions of law and recommendation with respect to the *Amended Motion to Dismiss for Failure to State a*

Page 1

*Cause of Action* [Docket No. 8] (the "**Dismissal Motion**") filed by Defendant Stephan Sather ("**Defendant**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

## *PROCEDURAL BACKGROUND*

1.     On November 6, 2024 (the "**Petition Date**"), Jason Rudolph Stanford ("**Plaintiff**") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the Bankruptcy Court, thereby initiating Case No. 24-44120 (the "**Bankruptcy Case**").

2.     Subsequent to the Petition Date, on July 15, 2025, the Plaintiff initiated litigation against the Defendant (and others) with the filing of *Plaintiff's Original Petition (For Legal Malpractice, Breach of Fiduciary Duty, and Fraud Upon the Court)* (the "**160th State Court Petition**") in the 160th Judicial District Court of Dallas County, Texas (the "**160th State District Court**"), under Cause No. DC-25-11048 (the "**160th State Court Case**").[1]

3.     On August 7, 2025, the Defendant filed a *Notice of Removal* with the Bankruptcy Court to remove all claims and causes of action asserted in the 160th State Court Case to the Bankruptcy Court pursuant to 28 U.S.C. § 1452(a).[2]  The filing resulted in the initiation of this Adversary Proceeding.

4.     Pursuant to the 160th State Court Petition, the Plaintiff has asserted a variety of purported causes of action against the Defendant (and others), including a "fraud upon the court" claim.[3]  By separate orders of the Bankruptcy Court, all removed claims and causes of action asserted by the Plaintiff against all other defendants, and all claims and causes of action asserted by the Plaintiff against the Defendant – with the sole exception of the "fraud upon the court" claim to the extent predicated upon actions allegedly taken by the Defendant to commit fraud upon the

---

[1] *See* Docket No. 1-2 (copy of 160th State Court Petition).

[2] *See* Docket No. 1.

[3] *See* 160th State Court Petition, at pp.12-13.

Page 2

District Court (to such extent, the "**Federal Claim**") – have been remanded to the 160th State District Court by the Bankruptcy Court.[4]

5. In relation to the Federal Claim, pursuant to the pending Dismissal Motion, the Defendant requests that the claim be dismissed with prejudice for the failure of the Plaintiff to state a claim upon which relief may be provided.[5]

## *JURISDICTION*

6. As explained further below, the Federal Claim is connected to litigation commenced by the Plaintiff in the District Court prior to the Petition Date – *Stanford v. King of Freight LLC, et al.*, Civil Action No. 3:23-CV-02688-N-BT (the "**Prepetition Federal Lawsuit**"). As further explained below, the Prepetition Claims (as defined below) asserted in the Prepetition Federal Lawsuit (which the Plaintiff later non-suited) constitute non-exempt property of the bankruptcy estate in the Bankruptcy Case.

7. Pursuant to the Federal Claim, the Plaintiff alleges that the Defendant took certain actions during the course of the Prepetition Federal Lawsuit with the objective of committing fraud upon the District Court prejudicial to the Prepetition Claims. Consequently, because the relief sought pursuant to the Federal Claim could have a conceivable effect upon the Prepetition Claims being administered as part of the bankruptcy estate in the Bankruptcy Case, the Adversary Proceeding is "related to" the Bankruptcy Case, resulting in the District Court having jurisdiction of the Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).[6]

---

[4] *See* Docket Nos. 22 and 46.

[5] *See* Docket No. 8 (Dismissal Motion).

[6] *See* 11 U.S.C. § 1334(b) (subject to certain exceptions inapplicable to this Adversary Proceeding, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"); *see also U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002) ("A proceeding is 'related to' a bankruptcy if 'the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in orig.))).

8. Pursuant to 28 U.S.C. § 157(a) and *Miscellaneous Order No. 33: Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984), the Adversary Proceeding was automatically referred by the District Court to the Bankruptcy Court upon its commencement.[7]

9. Based upon the nature of the Federal Claim, the Adversary Proceeding is non-core in nature for purposes of 28 U.S.C. § 157(b).[8] Therefore, because the Plaintiff has not consented to the Bankruptcy Court's entry of a final order or judgment on the Federal Claim,[9] the Bankruptcy Court must submit proposed findings of fact and conclusions of law to the District Court, with the District Court to thereafter consider entry of a final order or judgment upon consideration of such proposed findings and conclusions and a *de novo* review of any matters to which a party timely objects.[10]

### PROPOSED FINDINGS AND CONCLUSIONS

#### Proposed Findings of Fact[11]

10. All prior paragraphs are incorporated herein by reference.

***A.    The Prepetition Litigation and Prepetition Claims***

11. Prior to the Petition Date, on November 2, 2023, the Plaintiff filed suit against King of Freight, LLC ("**KOF**"), England Carrier Services, LLC ("**ECS**"), and certain others in the 116th

---

[7] *See* 28 U.S.C. § 157(a) ("Each district court may provide that … any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").

[8] *See* 28 U.S.C. § 157(b)(1) and (b)(2); *see also Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

[9] *See* 28 U.S.C. § 157(c)(2) (provision for parties' consent to entry of final judgment on non-core claims); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015) (discussing parties' ability to consent to the bankruptcy court's entry of final judgment).

[10] *See* 28 U.S.C. § 157(c)(1); *see also Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014).

[11] To the extent any of the following proposed findings of fact are more appropriately categorized as proposed conclusions of law or include any proposed conclusions of law, they should be deemed as such.

Judicial District Court of Dallas County, Texas (the "**116th State District Court**") under Cause No. DC-23-18441 (the "**116th State Court Case**"). Pursuant to the Plaintiff's *Complaint for Breach of Contract and Tortious Interference with Contract/Business anf (sic) Money Had and Received* filed in the 116th State Court Case, the Plaintiff asserted a breach of contract claim against KOF and certain tortious interference claims against ECS, in each case related to the alleged non-payment of charges associated with trucking/hauling services provided by Plaintiff prior to the Petition Date and a factoring agreement entered into by the Plaintiff prior to the Petition Date (collectively, the "**Prepetition Claims**").

12. Later, on December 6, 2023, while the 116th State Court Case was still pending, the Plaintiff commenced the Prepetition Federal Lawsuit against KOF and ECS in the District Court.[12]

13. On December 27, 2023, again while the 116th State Court Case was still pending, the Plaintiff filed his *Abridged Amended Complaint – Tortious Interference with Contract, Breach of Contract* in the Prepetition Federal Lawsuit (the "**Prepetition Federal Lawsuit Complaint**").[13] Pursuant to the Prepetition Federal Lawsuit Complaint, the Plaintiff asserted the same Prepetition Claims against KOF and ECS that were then-pending against KOF and ECS in the 116th State Court Case.[14]

---

[12] *See generally* Prepetition Federal Lawsuit docket, of which judicial notice is taken (including with respect to the filings made therein (only for the purpose of evidencing the assertions made thereby and the attorneys involved) and the orders entered therein (for all purposes)).

[13] *See* Prepetition Federal Lawsuit Docket No. 15 (Prepetition Federal Lawsuit Complaint).

[14] *See id*. The Plaintiff also included England Logistics, Inc. among the identified defendants in the caption of the Prepetition Federal Lawsuit Complaint. However, no specific claims or causes of action were asserted against England Logistics, Inc. within the body of the Prepetition Federal Lawsuit Complaint.

Page 5

14. On March 5, 2024, the Plaintiff filed a motion to nonsuit the Prepetition Federal Lawsuit.[15] On May 3, 2024, the District Court granted the motion and dismissed the Prepetition Federal Lawsuit.[16]

### B. The Plaintiff's Bankruptcy Filing and Removal of the Prepetition Claims

15. Thereafter, on November 6, 2024 (the Petition Date), the Plaintiff initiated the Bankruptcy Case and on November 22, 2024, the Plaintiff filed a *Notice of Removal* with the Bankruptcy Court to remove all claims and causes of action asserted in the 116th State Court Case to the Bankruptcy Court pursuant to 28 U.S.C. § 1452(a), thereby initiating Adversary No. 24-04103 (the "**4103 Adversary Proceeding**").[17]

16. On February 28, 2025, the Plaintiff filed sworn schedules in the Bankruptcy Case that listed the Prepetition Claims from the 116th State Court Case/the 4103 Adversary Proceeding as assets of the bankruptcy estate.[18] With respect to such Prepetition Claims, the Plaintiff scheduled no claim of exemption.[19] Therefore, the Prepetition Claims are non-exempt property subject to the bankruptcy trustee's administration for the benefit of creditors.

### C. The 160th State Court Petition and Assertions Involving the Federal Claim

17. Pursuant to the 160th State Court Petition, the Plaintiff asserts that the Defendant (and others) committed fraud upon various Texas state courts by allegedly (i) "knowingly contradict[ing] sworn court filings (KOF's Answer)," (ii) "misrepresent[ing] who instructed the diversion of payment," (iii) omit[ing] dispositive admissions and evidence from their arguments,"

---

[15] *See* Prepetition Federal Lawsuit Docket No. 57.

[16] *See* Prepetition Federal Lawsuit Docket Nos. 60 and 61.

[17] *See* 4103 Adversary Proceeding Docket No. 1.

[18] *See* Bankruptcy Case Docket No. 43, at pp.7 and 13 (response to Question 33 of Schedule A/B), of which judicial notice is taken.

[19] *See* Bankruptcy Case Docket No. 43, at p.18 (Schedule C), of which judicial notice is taken.

Page 6

and (iv) collud[ing] with the presiding judge to secure denial of summary judgment without any ruling of law or finding of fact."[20] In relation to the Federal Claim, the Plaintiff goes on to assert that the alleged "judicial deception and litigation misconduct" did not cease in Texas state court. Instead, "KOF continued the same fraud upon the U.S. District Court in [the Prepetition Federal Lawsuit]."[21] Specifically, Plaintiff alleges that "KOF reversed its litigation position" by filing an answer in the Prepetition Federal Lawsuit that (i) denied a breach of contract (allegedly in contravention a prior admission by KOF), (ii) asserted "meritless affirmative defenses," and (iii) "[a]lleged that Plaintiff fabricated facts and caused his own harm" (again, allegedly contradicting KOF's prior admission).[22]

18. Thereafter, in another section of the 160th State Court Petition, the Plaintiff reiterates that in the Prepetition Federal Lawsuit, "KOF again doubled down on false defenses, failing to disclose its contradictory pleadings and judicial admissions already in the record."[23] Pursuant to the prayer for relief within the 160th State Court Petition, the Plaintiff requests actual and exemplary/punitive damages against the Defendant (and others, jointly and severally), along with an award of attorneys' fees (even though *pro se*) and costs.[24]

19. Importantly, the Defendant never filed *any* pleadings on behalf of *any* party in the Prepetition Federal Lawsuit (including, without limitation, KOF and ECS), and the Defendant never made an appearance on behalf of *any* party in the Prepetition Federal Lawsuit (including, without limitation, KOF and ECS).[25]

---

[20] *See* 160th State Court Petition, at pp.12-13 (part "C. Fraud Upon the Court").

[21] *See id.*, at p13.

[22] *See id.*

[23] *See id.*, at p.14.

[24] *See id.*, at p.15.

[25] *See generally* Prepetition Federal Lawsuit docket.

20.  Additionally, at no time prior to the nonsuit of Plaintiff's claims in the Prepetition Federal Lawsuit did the Plaintiff file a motion to request any relief against *the Defendant* under Federal Rule of Civil Procedure 11 or otherwise.[26]

### *Proposed Conclusions of Law*[27]

**A.    Standards Appliable to a Request for Dismissal**

21.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to bankruptcy adversary proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, on motion of a defendant filed prior to the filing of an answer, a claim is subject to dismissal if the pleading in which the claim is asserted fails to state a claim upon which relief can be granted.[28]

22.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

23.  In assessing facial plausibility, a court is to accept as true all well-pleaded factual allegations set forth within the pleading for relief, even if doubtful in fact.[31]  But the allegations must consist of more than mere labels and conclusions.[32]  And the well-pleaded complaint rule is

---

[26] *See generally id*.

[27] To the extent any of the following proposed conclusions of law are more appropriately categorized as proposed findings of fact or include proposed findings of fact, they should be deemed as such.

[28] *See* Fed. R. Civ. P. 12(b)(6).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Baron v. Sherman (In re Ondova Ltd. Co.)*, 914 F.3d 990, 992-93 (5th Cir. 2019).

[30] *Iqbal*, 556 U.S. at 678.

[31] *Twombly*, 550 U.S. at 555; *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 177 (5th Cir. 2018).

[32] *Twombly*, 550 U.S. at 555.

inapplicable to legal conclusions.[33] Courts "are not bound to accept as true 'a legal conclusion couched as a factual allegation.'"[34]

24. Additionally, while the general rule is that courts are to confine their plausibility analysis to the four corners of the complaint, court may "also consider other matters that are integral to the complaint, matters of public record, [and matters that are] otherwise appropriate for the taking of judicial notice under Federal Rule of Evidence 201."[35]

25. In the end, the determination of facial plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" in applying the foregoing principles.[36] While "[t]he plausibility standard is not akin to a 'probability requirement,' [ ] it asks for more than a sheer possibility that a defendant has acted unlawfully."[37] Thus, to avoid dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"[38]

B. *Analysis of Federal Claim Under Applicable Standards*

26. With the foregoing standards in mind, the Federal Claim fails to state a claim for which relief can be provided for at least two reasons. First, "[t]here is no private right of action

---

[33] *Iqbal*, 556 U.S. at 678.

[34] *Ondova Ltd. Co.*, 914 F.3d at 993 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[35] *Azzolini v. Corts Trust II for Provident Fin. Trust I (In re UnumProvident Corp. Sec. Litig.)*, 396 F.Supp.2d 858, 875 (E.D. Tenn. 2005) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023); *Perkins v. LinkedIn Corp.*, 53 F.Supp.3d 1190, 1203-04 (N.D. Cal. 2014) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).

[36] *Iqbal*, 556 U.S. at 679.

[37] *Id.* at 678.

[38] *Twombly*, 550 U.S. at 555.

for … fraud upon the court."[39] Second, even if it were a cognizable claim, the Plaintiff has failed to allege sufficient facts to state a plausible basis for relief.

27. In the latter case, the Plaintiff initially fails to identify within the 160th State Court Petition any specific conduct undertaken by the Defendant that was allegedly fraudulent in nature in relation to the Prepetition Federal Lawsuit – *e.g.*, no specific pleading is alleged to have been filed by the Defendant; no appearance is alleged to have been made by the Defendant in the case; and no other form of conduct involving the Prepetition Federal Lawsuit is identified.[40] Instead, the 160th State Court Petition simply lumps together a number of different attorneys and then, in an impermissible, non-individualized manner, claims that they all took action to defraud the District Court.[41]

28. Additionally, the Plaintiff fails to allege within the 160th State Court Petition (a) in what way the District Court was deceived by the Defendant's purported actions,[42] or (b) in what way the Plaintiff was prevented by the Defendant's purported actions from fully and fairly presenting his case to the District Court.[43] In fact, it is impossible for the Plaintiff to make either

---

[39] *Plotzker v. Lamberth*, Civil No. 3:08cv00027, 2008 WL 4706255, at *7 (W.D. Va. Oct. 22, 2008).

[40] *Cf. Montgomery v. Hall*, 592 F.2d 278, 278-79 (5th Cir. 1979) (to obtain relief from a judgment on fraud grounds under Federal Rule 60(b)(3), the movant must establish (among other things) that the adverse party engaged in fraud or other misconduct). Indeed, the docket of the Prepetition Federal Lawsuit reflects that the Defendant never filed any document and never made an appearance in the Prepetition Federal Lawsuit.

[41] *See* Fed. R. Civ. P. 9(b) (requiring that assertions of fraud be stated with particularity); *see also* Fed. R. Bankr. P. 7009 (making Federal Rule 9 applicable to adversary proceedings).

[42] *Cf. Dobyns v. United States*, 127 Fed. Cl. 63, 69 (Fed. Cl. 2016) (for purposes of relief under Federal Rule 60(b)(3), "the fraud, misrepresentation or conduct must have actually deceived the court") (quoting *In re Old Carco LLC*, 423 B.R. 40, 52 (Bankr. S.D.N.Y.), *aff'd*, 2010 WL 3566908 (S.D.N.Y. 2010), *aff'd sub nom. Mauro Motors Inc. v. Old Carco LLC*, 420 Fed. Appx. 89 (2nd Cir. 2011)), *aff'd*, 915 F.3d 733 (Fed. Cir. 2019), *cert. denied*, 589 U.S. 1202 (2020).

[43] *Cf. Montgomery*, 592 F.2d at 279 (to obtain relief from a judgment on fraud grounds under Federal Rule 60(b)(3), the movant must establish (among other things) that the adverse party's misconduct prevented the movant from fully and fairly presenting his case).

of these sets of allegations given that he elected to voluntarily nonsuit the Prepetition Federal Lawsuit before the District Court had ruled on any of the claims.

29. Thus, because the Federal Claim is not a cognizable private right of action, and because the Plaintiff has failed to allege sufficient facts to state a plausible basis for relief even if it the claim were a cognizable private right of action, the Federal Claim is subject to dismissal under Federal Rule 12(b)(6).

## *CONCLUSION*

30. Based upon all of the foregoing, the Bankruptcy Court respectfully recommends to the District Court that the Dismissal Motion be granted and that a final judgment be issued providing for the following:

(a) The dismissal with prejudice of the Federal Claim, with the Plaintiff to take nothing from the Defendant on account of said claim;

(b) The Defendant's recovery of his costs from Plaintiff pursuant to Fed. R. Bankr. P. 7054(d)(1); and

(c) The denial of all other relief (if any) sought in the Adversary Proceeding by any party.

### END OF PROPOSED FINDINGS AND CONCLUSIONS ###